IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONSO MCKINEY,

    Petitioner,                   No. 2:12-cv-2112 CKD P

    vs.

K. HOLLAND,

    Respondent.             ORDER

_____/

        Petitioner, a California prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief. An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

/////

1    Petitioner challenges a 2003 Lassen County conviction for assault.  Petitioner pled
2 guilty and was sentenced to two years imprisonment.  While it is not clear, it appears petitioner
3 was in prison when he committed this crime and it was ordered that the two year sentence be
4 served consecutive to the sentence petitioner was already serving.  Petitioner asserts four claims.
5    The first claim is titled "Recusal Motion" and is described by petitioner as
6 follows:
7    I filed a recusal motion due to judge fail to reprimand D.A. and
     Psych. doctor, submitting a falsify document, that I was not taking
8    Psych Meds during plea and other.  I attach evidence that I was
     taking Meds. during 2005 or before at Corcoran State Prison.
9    Recusal Motion Filed Timely.
10    Nothing above suggests any of petitioner's rights arising under federal law have
11 been violated.  Therefore, petitioner is not entitled to habeas relief based on claim one.
12    In his second claim, petitioner challenges an order of restitution.  However,
13 improper recovery of restitution is not a valid basis for habeas relief under 28 U.S.C. § 2254 as
14 that is not a challenge to custody.  See 28 U.S.C. § 2254(a).
15    In claim three, petitioner asserts that his sentence is illegal.  However, he does not
16 explain why.
17    Claim four is titled "request for counsel."  Petitioner describes this claim as
18 follows: "Request for counsel granted by Mueller June 10, 2010."  Apparently, petitioner is
19 referencing the fact that he was appointed counsel by then United States Magistrate Judge
20 Kimberly J. Mueller on February 10, 2010 in case no. 09-cv-1650 GGH P.  It is not clear why
21 this is significant here.
22    Because it is plain petitioner cannot prevail on any of his current claims, the
23 habeas petition before the court will be dismissed.  The court will grant petitioner leave to file an
24 amended petition.  In the amended petition, petitioner may attempt to reassert claims one and
25 three.  If petitioner fails to state a claim arising under federal which could provide the basis for
26 habeas corpus relief in his amended petition, this action will be dismissed.

Finally, petitioner is informed that he may not present claims in this court which have not been presented to the California Supreme Court. This is because the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A habeas petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (#2) is granted.

2. Petitioner's application for writ of habeas corpus is dismissed.

3. The Clerk of the Court shall send petitioner the court's form-application for writ of habeas corpus by state prisoners.

4. Petitioner is granted thirty days within which to file an amended petition for writ of habeas corpus on the form provided by the Clerk of the Court. Petitioner must fill out the form completely and accurately. Failure to file an amended application for writ of habeas corpus within thirty days will result in a recommendation that this action be dismissed.

Dated: August 16, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mcki2112.dis