1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ALONSO MCKINEY,

11              Petitioner,                    No. 2:12-cv-2112 CKD P

12        vs.

13    K. HOLLAND,

14              Respondent.                    ORDER

15    _____/

16              Petitioner, a California prisoner proceeding without counsel, has filed a petition

17    for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma

18    pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to

19    afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

20    granted.  See 28 U.S.C. § 1915(a).

21              Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a

22    preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears

23    that petitioner is not entitled to relief.  An application for a writ of habeas corpus by a person in

24    custody under a judgment of a state court can be granted only for violations of the Constitution or

25    laws of the United States.  28 U.S.C. § 2254(a).

26    /////

                                            1

1    Petitioner challenges a 2003 Lassen County conviction for assault.  Petitioner pled
2  guilty and was sentenced to two years imprisonment.  While it is not clear, it appears petitioner
3  was in prison when he committed this crime and it was ordered that the two year sentence be
4  served consecutive to the sentence petitioner was already serving.  Petitioner asserts four claims.
5    The first claim is titled "Recusal Motion" and is described by petitioner as
6  follows:
7     I filed a recusal motion due to judge fail to reprimand D.A. and
      Psych. doctor, submitting a falsify document, that I was not taking
8     Psych Meds during plea and other.  I attach evidence that I was
      taking Meds. during 2005 or before at Corcoran State Prison.
9     Recusal Motion Filed Timely.
10   Nothing above suggests any of petitioner's rights arising under federal law have
11  been violated.  Therefore, petitioner is not entitled to habeas relief based on claim one.
12   In his second claim, petitioner challenges an order of restitution.  However,
13  improper recovery of restitution is not a valid basis for habeas relief under 28 U.S.C. § 2254 as
14  that is not a challenge to custody.  See 28 U.S.C. § 2254(a).
15   In claim three, petitioner asserts that his sentence is illegal.  However, he does not
16  explain why.
17   Claim four is titled "request for counsel."  Petitioner describes this claim as
18  follows: "Request for counsel granted by Mueller June 10, 2010."  Apparently, petitioner is
19  referencing the fact that he was appointed counsel by then United States Magistrate Judge
20  Kimberly J. Mueller on February 10, 2010 in case no. 09-cv-1650 GGH P.  It is not clear why
21  this is significant here.
22   Because it is plain petitioner cannot prevail on any of his current claims, the
23  habeas petition before the court will be dismissed.  The court will grant petitioner leave to file an
24  amended petition.  In the amended petition, petitioner may attempt to reassert claims one and
25  three.  If petitioner fails to state a claim arising under federal which could provide the basis for
26  habeas corpus relief in his amended petition, this action will be dismissed.

1          Finally, petitioner is informed that he may not present claims in this court which

2  have not been presented to the California Supreme Court.  This is because the exhaustion of state

3  court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C.

4  § 2254(b)(1).  A habeas petitioner satisfies the exhaustion requirement by providing the highest

5  state court with a full and fair opportunity to consider all claims before presenting them to the

6  federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).

7          In accordance with the above, IT IS HEREBY ORDERED that:

8          1.  Petitioner's request to proceed in forma pauperis (#2) is granted.

9          2.  Petitioner's application for writ of habeas corpus is dismissed.

10         3.  The Clerk of the Court shall send petitioner the court's form-application for

11  writ of habeas corpus by state prisoners.

12         4.  Petitioner is granted thirty days within which to file an amended petition for

13  writ of habeas corpus on the form provided by the Clerk of the Court.  Petitioner must fill out the

14  form completely and accurately.  Failure to file an amended application for writ of habeas corpus

15  within thirty days will result in a recommendation that this action be dismissed.

16  Dated: August 16, 2012

17

18  _____
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

19

20

21  <sup>1</sup> mcki2112.dis

22

23

24

25

26