IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONSO MCKINEY

        Petitioner,               No. 2:12-cv-2112 CKD P

    vs.

K. HOLLAND,

        Respondent.           <u>ORDER AND</u>

                                          <u>FINDING AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro see and in forma pauperis, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  At issue is his 2003 Lassen County conviction for assault for which a two year consecutive sentence was imposed.  While petitioner does not so state, it appears he was incarcerated at the time of the offense and the two year sentence was imposed consecutively to the sentence petitioner was already serving.

        On August 16, 2012, the original petition for writ of habeas corpus filed in this action (Dkt. No. 1) was dismissed, on the basis that it was plain that petitioner could not prevail on any of the claims presented therein.  (Dkt. No. 4.)  Petitioner was granted leave to attempt to reassert claims one and three in an amended petition in an attempt to state a claim arising under federal law which could provide the basis for habeas corpus relief.  (<u>Id.</u> at 2.)  Petitioner was cautioned that if he failed to state a claim arising under federal law which could provide the basis

for habeas corpus relief in his amended petition, the action would be dismissed. (Id. at 2.) Petitioner was further informed that he "may not present claims in this court which have not been presented to the California Supreme Court. This is because the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)." (Id. at 2-3.)

Petitioner has filed a first amended petition asserting four grounds for relief. (Dkt. No. 5.) Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court again conducts a preliminary review.

As stated, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, therefore, may not be implied or inferred.

Here, petitioner indicates that he appealed the challenged Lassen County judgment of conviction to the United States District Court for the Eastern District of California, in case number 09-1650. (Dkt. No. 1 at 2.[2]) However, that case was an action brought in this federal district court pursuant to 28 U.S.C. § 2254; it was dismissed without prejudice on June 10, 2010 following limited appointment of counsel for the purpose of assisting petitioner in determining and pleading his claims. See 2:09-cv-01650 GGH, Dkt. No. 9. In the present action, the amended petition indicates that petitioner did not seek review of the challenged conviction by a higher state court. (Dkt. No. 1 at 2.) Petitioner also states that he has not filed any petitions, applications or motions other than a direct appeal with respect to the judgment of

---

[1] Nevertheless, a petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] The court references the pages assigned by the court's CM/ECF system, where applicable.

conviction at issue, yet he attaches two summary dismissals of habeas corpus petitions from the California Supreme Court, both dated May 9, 2012. (Id. at 2, 16, 17.) In sum, it appears, but is not clear, that petitioner has failed to exhaust state court remedies on any of the claims presented.

In any event, it is clear that the amended petition still fails to state a claim arising under federal law which could provide the basis for habeas corpus relief. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Here, petitioner fails to reference the federal constitutional rights at issue and further fails to give an impression of the events prior to or during his trial and/or sentencing that allegedly comprised the errors of which he complains. A habeas petitioner need not make his factual allegations in minute detail, but he must give the court a clear understanding of the "who, what, when and how" of his claims.

In ground one, titled "Recusal Motion," petitioner states in relevant part that he "file[d] a recusal timely, and motion was not heard, during 2005, and before. (Judge Hollows)[.]" (Dkt. No. 5 at 5.) In regard to the exhaustion of state remedies, petitioner states "Exhaust motion was timely filed before case dismiss by unwanted judge, refusing to step down. Judge Hollows." It appears that petitioner is referencing the fact that he filed a recusal motion in Case No. 09-cv-1650 in this court. The facts pleaded provide no basis for federal habeas corpus relief in regard to the 2003 Lassen County conviction being challenged.

In ground two, petitioner states "sentence illegal due to consecutive sentence, to current life sentence... Judge struck a strike, or strikes. Gave 2 years." (Dkt. No. 5 at 7.) Petitioner states this was a violation of "Article I (24)(25)," which appears to be a reference to the California Constitution. Again, petitioner fails to allege that any of his rights arising under federal law were violated.

\\\\\

1       Petitioner's ground three is titled "request for counsel," and is described as

2 follows:

3       Request for counsel, due to 'hate crime' by C.D.C. officer.
      Request to take lie detector test to hate crime by CDC employee
4       forcing a plea, or 3-strikes, during 2002, 2005 2010 the year please
      note, Carol Hilder refuse to do lie detector test [illegible] granted
5       by U.S. Attorney Office [*sic*].

6 (Dkt. No. 5 at 9.)  This confusing factual description in no way apprises respondent of the nature

7 of the federal claim, and therefore fails to state a cognizable claim.

8       In ground four, petitioner states he was denied his right to withdrawal plea [*sic*]

9 within 60 days Boykin v. Tahl [*sic*].[3]"  (Id.)  Petitioner describes his claim as follows: "Petitioner

10 was under psycho tropic [*sic*] meds during Rex Grey attorney force to take guilty plea.  Told me

11 to take deal due to red neck town something to that effect during the year 2003."  (Id.)  Again,

12 petitioner has failed to apprise respondent of the factual nature of his claim and it is unclear

13 whether petitioner is referencing facts that relate to the challenged 2003 Lassen County

14 conviction, or some other matter altogether.

15       In sum, the amended petition fails to state a claim arising under federal law which

16 could provide the basis for habeas corpus relief; accordingly this action should be summarily

17 dismissed.

18       For all the foregoing reasons, IT IS HEREBY ORDERED that:

19       1. Since plaintiff has not consented to jurisdiction by United States Magistrate

20 Judge, the Clerk of the Court shall assign this case to a district judge in accordance with the

21 district's case assignment policy.

22 \\\\\

23

---

[3] In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court held that before entering a plea of guilty, a defendant must knowingly and voluntarily waive his privilege against self-incrimination and his rights to a jury trial and to confront witnesses.  In In re Tahl, 1 Cal.3d 122 (1969), the California Supreme Court held that "each of the three rights mentioned- self-incrimination, confrontation, and jury trial- must be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea."  Id. at 132.

2. The Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

Furthermore, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
mcki2112